## Case No. 1,799.

### In re BRAGG.

[1 N. Y. Leg. Obs. 119; 5 Law Rep. 323.][1]

District Court, S. D. New York. Aug., 1842.

BANKRUPTCY—EXAMINATION OF BANKRUPT — EVIDENCE — TESTIMONY IN OTHER SUIT — COMPETENCY.

1. After the bankrupt has been examined by the opposing creditors, his counsel cannot cross examine him on the matters opened by the examination, but the bankrupt may, under the advice of his counsel, give explanations and corrections of his statement.

2. The examination of the bankrupt taken before a master in chancery in equity proceedings may be admitted in evidence by the commissioner, as far as it goes to elucidate the state of his affairs.

[On exceptions to decision of commissioner in bankruptcy. In the matter of Maynard Bragg. Exceptions overruled, and commissioner's decision affirmed.]

Charles Sherwood, for bankrupt.

George Bowman, for creditors.

BETTS, District Judge. This case comes up on exceptions to the decision of Commissioner Miller, rejecting and admitting testimony on the hearing before him. After the bankrupt had been examined by the opposing creditors, his counsel proposed to cross examine him on the matters opened by that examination. The commissioner decided that the bankrupt might, under the advice of his counsel, give explanations and corrections of his statements; but that his counsel could not put questions to him in the way of a cross examination. To this decision the bankrupt excepts.

The 4th section of the act [of 1841, 5 Stat. 444] declares: "The bankrupt shall at all

[1] [5 Law Rep. 323, gives only a partial report.]

4FED.CAS.—1

times be subject to examination, &c., in all acts relating to such bankruptcy, and his acts and doings, and his property and rights of property," &c. This authority is in substance the same as given by the English bankrupt acts of 1 Jac. c. 15, and 5 Geo. II. c. 30. The English acts do not allow, as matter of right, that any one examined by the commissioners shall be attended by counsel; it is regarded a matter of favour to permit counsel to be present at the examination. Ex parte Parsons, 1 Atk. 204. Our proceedings are manifestly more liberal in respect to the method of conducting an examination, and we accordingly permit the testimony produced by or against a bankrupt to be subjected to the scrutiny of a cross examination. A cross examination is not only for the purpose of explaining or qualifying statements that have been made on the direct, but its purpose and effect in proceedings in our courts is to introduce substantive evidence for the party pursuing it, and accordingly a set of facts entirely independent of his statements in chief may be called from a witness, and in that way he may be improved by the adversary party to set up a new case, or to overthrow that he was adduced to support. The examination of a party himself must, however, rest upon different principles. The act authorizing his examination indicates this, as he may be examined on written interrogatories or orally, which necessarily imports that he is, as in chancery proceedings, liable to be compelled to make discoveries in the matter, and that accordingly his answers are evidence only in the particulars inquired of. There is nothing in the statute denoting that congress intended the bankrupt, when examined, should become a competent witness in all respects, so as to be enabled to give testimony on his own behalf, beyond and out of the subject matter of his

examination by the creditor. I think the commissioner properly overruled the application, and that he placed the proper limitation upon the right of the bankrupt and his counsel.

Another exception was taken, that the commissioner admitted in evidence an examination of the bankrupt taken before a master in chancery in some equity proceedings. This testimony was properly admitted so far as it went to elucidate the state of the bankrupt's property. The creditors had a right to use his declarations, written or oral, against the verity and integrity of his inventory, and his sworn statements would be of still stronger effect if they were in collision with his representations on his papers in this court. I accordingly affirm the decision of the commissioner on both points, and overrule the exceptions.