CAMELLOS (REVEREZ v.). See Case No. 11,717.

CAMERON (ALLER v.). See Case No. 243.

———

## Case No. 2,340.

### CAMERON v. CANIEO et al.

[9 N. B. R. (1874) 527.] [2]

District Court, S. D. Ohio.

#### JURISDICTION IN BANKRUPTCY.

1. A filed a petition to have the firm of D. & Co. adjudged bankrupts, alleging, as an act of bankruptcy, that two notes executed by the firm at Cincinnati, Ohio, had remained unpaid for more than fourteen days.

2. The members of the firm plead separately to the jurisdiction of the court, alleging that the domicil and only place of business of the firm was in the district of Michigan, and that they had no location, domicil or place of business in the southern district of Ohio. It was proved that one of the partners resided in the southern district of Ohio. *Held*, that the only court having jurisdiction was the United States district court of Michigan.

[Cited in Re Jewett, Case No. 7,306.]

In bankruptcy. W. M. Cameron filed his petition to have the firm of John Canieo & Co. adjudged bankrupts, on the ground that two notes, executed by the firm at Cincinnati, Ohio, had remained unpaid for more than fourteen days. The members of the firm plead separately to the jurisdiction of the court, alleging that the domicil and only place of business of the firm was in the district of Michigan, near the mouth of Saginaw river, and that said firm had no location, domicil or place of business in the southern district of Ohio. That said firm was, and is,

———
[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]

composed of John Canieo, resident of Bay City, Michigan; Wm. H. Malone, a resident of Cincinnati, Ohio; Andrew F. Baum, of Pittsburgh, Pa.; John Heath, of Allegheny City, Pa. The evidence was heard fully proving the pleas, and that the business of the firm was the manufacture of lumber; that they owned large tracts of pine lands in Michigan, near Saginaw bay, and had in operation a large saw mill near the mouth of Saginaw river; that the firm was conducting its business as usual; that all of their paper had been promptly paid except the notes in the petition set forth.

Mathews, Ramsey & Mathews, for petitioner.

Geo. E. Pugh and Carter Gazlay, for respondents.

SWING, District Judge. I cannot see upon what ground this court can claim jurisdiction in this cause. The evidence is clear that their place of business is in Michigan, and has been there exclusively for the past eight years; that they have had no place of business in the southern district of Ohio; the members composing the firm reside in three different states, and the only court having jurisdiction of the case would be the district court of Michigan. Petition dismissed at cost of petitioner.