Mrs. Bennett asks that the taxes upon the lands due previous to May 30th be paid out of rents collected before that time. That question is not now open, inasmuch as by the decree of May 21st, entered by the consent of all parties, it was ordered that the taxes be paid from the proceeds of the sale of the lands. The report of the special master is in all respects affirmed, except as hereinbefore indicated.

## Case No. 1,314.

### In re BENNETT et al.

[2 Lowell, 400;[1] 12 N. B. R. 181.]

District Court, D. Massachusetts. March Term, 1875.

PARTNERSHIP—DISSOLUTION—SOLVENCY OF ONE PARTNER—BANKRUPTCY.

1. Where one partner of a firm, which had been dissolved, petitioned for an adjudication of bankruptcy against himself and his late copartner, and it appeared that the petitioner had undertaken to pay all the joint debts, and had given a bond to the defendant, with a solvent surety, conditioned for such payment, and that the creditors did not desire an adjudication, and that the defendant was solvent,—Held, that the petition must be dismissed.

2. A partner petitioning, under such circumstances, against himself and his copartner, must prove that the latter is insolvent in the ordinary sense of being unable to pay his debts, including the joint debts.

3. Semble, the court would have power to retain such a petition until the solvent copartner should have paid the joint debts.

In bankruptcy. Bankruptcy of partners. Bennett petitioned for adjudication against himself and his late partner, Amos. It appeared in evidence that the firm was dissolved in December, that Bennett received a conveyance of all Amos's interest in the joint property, and undertook to pay all the joint debts, and that Bennett gave a bond to Amos, with one Haynes as surety, conditioned to pay all said debts and to save Amos harmless therefrom. The plaintiff and defendant had kept an eating-house together for about a month, had not agreed in the management of the business, and had separated upon the terms above mentioned: debts for furnishing and supplying the rooms were still outstanding to the amount of $2,000, or more. Amos testified that he was solvent. It was admitted that Haynes, the surety, was abundantly able to respond.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 12 N. B. R. 181, contains only a partial report.]

W. W. Blackmar and H. N. Sheldon, for petitioner.

I. T. Drew and A. Russ, for respondent.

LOWELL, District Judge. I ruled in Stowers's Case, [Case No. 13,516,] that a partner would not necessarily be estopped from filing a petition in bankruptcy against the firm, by the fact that, upon a recent dissolution of the partnership, he had undertaken to pay all the joint debts. The point is a nice one, but does not need to be reviewed at present.

In this case, the evidence decidedly preponderates in favor of the proposition that Amos is not insolvent. The definition of insolvency which applies to traders in matters connected with preferences, namely, a present inability to pay the debts as they mature, does not govern a case of this kind; because the retired partner is not necessarily insolvent in not paying debts for which he had received an indemnity, and which ought to be paid by the remaining partner.

Section 36 of the bankrupt act (Rev. St. § 5121) does not expressly provide under what circumstances two partners may be adjudged bankrupts, on the petition of one of them; but by necessary intendment refers us to section 11 (Rev. St. § 5021) which requires a debtor to set forth in his petition that he is unable to pay his debts in full, not that he is unable to do so when and as they mature. Accordingly the form of a petition by copartners, as prescribed by the supreme court, avers that the members of the copartnership owe debts which they are unable to pay in full; and the petition in this case follows that precedent.

Now, I do not doubt that for many purposes under the bankrupt act a firm may be considered insolvent when its joint assets will not enable it to pay its joint debts as they mature. But I do very much doubt whether a partner of undoubted solvency can be made bankrupt by his copartner by evidence that the firm is insolvent in that sense. If there has been a joint act of bankruptcy, the creditors may proceed against both; but in that case the solvent partner would have an opportunity to clear himself by paying all the joint debts, which he cannot safely do by intrusting the money to his insolvent copartner.

In Thompson v. Thompson, 4 Cush. 127, which is a leading case upon the above-mentioned definition of insolvency, the remarks of the court seem to take for granted, that, if the firm cannot pay its debts as they mature, either partner may petition. But the point was not decided in that case, and has since been held otherwise by the same court: Pierce v. Stockwell, 11 Cush. 230; Hanson v. Paige, 3 Gray, 239. In the latter case, Thomas, J., in delivering the judgment, and dealing with the objection that it was not alleged in the petition that the partners in their individual capacity were insolvent, says: "We cannot doubt that there must be a substantial averment of this fact; for if one of the partners were solvent, such solvent partner would have the legal right of settling the affairs of the partnership. * * * Again; as each partner is liable in solido for the debts of the company, a partnership cannot, with strictness, be said to be insolvent, while any of the partners are able to pay its debts." Page 242. In this case there is no evidence that the firm is insolvent in any sense, excepting that certain of its debts are outstanding and overdue. The evidence seems to prove that the bankruptcy was contrived between Bennett and the surety on the bond, and was intended to work in some way for the benefit of the latter. Whether he could escape his liability in this way I do not say, but he seems to have been advised that he could; while, on the other hand, the creditors appear to be content to rest on the responsibility of Amos, fortified as it is with the bond and the admitted ability of the surety. Several of them have so testified. This bond seems, of itself, to make Amos solvent, since he is not proved to owe any considerable amount of separate debts, and it would work a delay and injury to the creditors, though they might not suffer eventual loss, to complicate the matter by proceedings in bankruptcy.

The English law had formerly a great deal to say about concerted bankruptcies, and a great many adjudications were set aside by the lord chancellor, and afterwards by the courts of bankruptcy, because they were obtained from bad motives, and to work some collateral result other than the benefit of the creditors. I doubt if our law, or, indeed, the latest statute in England, leaves much discretion to the courts in this matter. Under our statute there would seldom be occasion for the exercise of such a discretion, and I have seen no statute or decision which gives or claims it in express terms, though there are some intimations one way and the other. I am not at present satisfied that it exists.

A recent amendment to the bankrupt law makes a collusive bankruptcy possible at present. It gives an advantage, in respect to a discharge, to those debtors who are put into bankruptcy against their will, and thereby encourages an actual delay on the part of insolvent debtors in coming before the court, while the same law throws difficulties in the way of the creditors, by requiring a certain proportion of them to petition. The consequence is, a temptation to debtors to procure a petition to be brought against them, and to admit the sufficiency of one that is insufficient. Before this amendment, a collusive bankruptcy was unknown, in fact, and useless to any one, because our proceedings gave no advantage to one sort of bankruptcy over another. But even now, if it should be discovered in the course of the proceedings, after adjudication, that the petition was collusive, or insufficient, the remedy probably would be, not a dismissal of the proceedings,

but a denial to the bankrupt of the peculiar benefit which involuntary proceedings give him. Assuming no discretion in this case, yet as I find the petition to be brought by one partner for ends of his own, it becomes me to require the petitioning partner to make out his case fully and clearly. I am not satisfied that the petitioner Bennett has made out the insolvency of his late partner Amos, the defendant, under any test which can be applied in such a case. I adhere to an intimation which I made in Stowers's Case, [supra,] that the court probably has power to see that the joint debts are paid before dismissing the petition, if any creditors request such action; but there is no such application in this case.

Adjudication against Bennett only. Petition dismissed as to Amos.