### In re MURRAY et al.

#### (District Court, N. D. Iowa, W. D. September 26, 1899.)

1. BANKRUPTCY—VOLUNTARY AND INVOLUNTARY—PARTNERSHIP PETITION.

Where some of the members of a partnership file their petition in bankruptcy asking for an adjudication against the firm, the other partners not joining, the proceeding is, in its inception, a voluntary proceeding in bankruptcy; and it will so remain in its entirety unless the other partners, on due notice, dissent from the petition and contest the adjudication, in which case the proceeding becomes, as to those partners, an involuntary one.

2. SAME—ORDER OF REFERENCE.

Where a petition in bankruptcy is filed by certain of the members of a partnership, praying an adjudication against the firm, and averring that the partner who has not joined in the petition is not a resident of the district, and that his residence is unknown to the petitioners, if the judge of the court of bankruptcy is absent from the district, or the division of

the district in which the petition is filed, at the time of its filing, the clerk should forthwith refer the case to the proper referee.

**3. SAME—NOTICE TO PARTNERS NOT JOINING.**
Where a petition in bankruptcy is filed by one or more of the members of a partnership, asking an adjudication against the firm, but there are other partners who do not join in such petition, no adjudication can be made until the nonjoining partners have had notice of the pendency of the petition, and of the time fixed for hearing thereon.

**4. SAME—SERVICE OF NOTICE—PUBLICATION.**
If the partners who have not joined in such petition can be found, whether within the district or without it, personal service of such notice must be made upon them. But, if personal service cannot be had, then, upon the filing of an affidavit showing that fact, the court will order publication of the notice in the same manner as in equity cases.

**5. SAME—CONTEST OF PETITION—HEARING.**
Where a petition praying an adjudication in bankruptcy against a firm has been presented by a part only of the partners, and referred to the proper referee, if the partners who did not join in the petition shall, upon notice, enter their appearance, and contest the adjudication of the firm, the referee cannot act on the petition, but must certify the case to the judge, before whom the issue will be heard and determined.

In Bankruptcy. Submitted on report of referee.

P. R. Bailey, for petitioners.

SHIRAS, District Judge. This case is now before the court upon a report from the referee, which presents the question of the proper practice to be pursued in cases wherein a petition in bankruptcy is filed by one or more of the partners in a firm, asking that the firm be adjudged a bankrupt, and that the individuals be discharged from the partnership, as well as the individual, debts; it being averred in the petition filed that one of the partners does not reside in the district, and that his present residence is unknown to the petitioners.

In section 5 of the bankrupt act, it is provided that the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners, and of the administration of the partnership and individual estate; and, as the petitioning partners in this case are residents of the Northern district of Iowa, there is no question that the bankruptcy court of this district has full jurisdiction over the case, although one of the partners may not reside therein. It is also well settled that, in a proceeding of this character, it is open to the partner who has not joined in the petition to contest the same, and to defeat an adjudication against the firm, by showing that the partnership is not insolvent or has not committed an act of bankruptcy; the general mode of procedure in such case being set forth in general order No. 8, as promulgated by the supreme court. 18 Sup. Ct. v.

The first question left in doubt, however, under this rule, is whether, in case the judge is absent from the division of the district in which the petition is filed, the clerk must send the case to the referee; or can it only be proceeded with before the judge up to the time when the adjudication is had upon the petition? Under the provisions of section 18 of the act, in voluntary cases, if the judge

is absent from the district or the division thereof wherein the petition is filed, the clerk must forthwith refer the case to the proper referee; but, in cases of involuntary bankruptcy, the same remains for hearing before the judge until the adjudication is had, but, if no contest is entered against the petition within the time fixed in the act, then, in the event of the absence of the judge from the district or from the division of the district wherein the proceedings were filed, the clerk must refer the case to the referee. Thus, it appears that the referee, in the absence of the judge from the district or the division thereof wherein the proceedings are filed, can enter the adjudication, except in those cases wherein, by proper pleading, an issue is made upon the question of bankruptcy. In the class of cases like that now before the court, it is not the creditors who, in the first instance, are setting the machinery of the act in operation, but the petition is filed by the debtors; and therefore, so far as the proceedings have yet progressed, the proceeding is a voluntary one, and will always remain so, so far as the petitioners are interested.

It appears, however, that there is one member of the partnership who has not, up to this time, joined in the petition asking to have the firm adjudged to be bankrupt, and it is apparent that it cannot yet be known whether the proceeding will become an involuntary one against him or not. If, upon being notified of the pendency of the case, he should join with his co-partners in asking that the firm be adjudged bankrupt, then it would be clear that the proceedings would be wholly voluntary. If, however, upon being notified of the proceedings, he should, under the provisions of general order No. 8, make defense to the petition, then the proceeding would become, as to him, an involuntary one, to be dealt with accordingly; for, as is said by the supreme court in Medsker v. Bonebrake, 108 U. S. 66, 71, 2 Sup. Ct. 351, 353: "It is not a voluntary bankruptcy if the man is forced into it against his will by his partner, any more than by any one else; and it is compulsory and involuntary if he refused to join in such case, and is forced into it, as much as in any other enforced bankruptcy." A proceeding brought by a part of the members of the firm is, in its initiation, a voluntary one, and will remain so in its entirety, if, upon notice, the other member or members of the firm actively join with the petitioners, or by acquiesence consent to the adjudication of the partnership; but, if the nonpetitioning member refuses to join in the proceedings, and contests the adjudication, then the proceeding becomes, as to him, an involuntary one.

It follows, therefore, that, when a petition on behalf of a part of the members of a firm is filed in the clerk's office, it cannot then be classed as an involuntary proceeding, because it may never become such, and, in the absence of the judge from the district or division, it is the duty of the clerk to refer the case to the proper referee. The case, however, whether coming before the judge or a referee, cannot be properly proceeded with until notice of the pendency of the proceeding has been given to the member or members of the firm who have not joined in the petition as filed, and, under the provi-

sions of general order No. 8, a time must be fixed for a hearing upon the petition, of which due notice must be given.

If the nonjoining member or members of the firm can be found, in the district or out of it, personal service of the notice must be made; but, if personal service cannot be had, then, upon filing before the judge (or the referee, if the case has been referred by the clerk) an affidavit showing that personal service of notice cannot be made, an order of publication of notice will be made, as provided for in section 18 of the act, which enacts that notice by publication shall be given in the same manner, and for the same time, as in cases in equity in courts of the United States, which are governed by the provisions of section 8 of the judiciary act of March 3, 1875 (18 Stat. 472), which requires the court to make an order requiring the named party to appear and plead to the petition by a named day, and to direct the publication of such order, if personal service thereof cannot be made, in such a manner as the court may direct, not less than once a week for six consecutive weeks. If, upon the hearing thus provided for, the nonpetitioning member or members of the firm join with their co-partners in the prayer of the petition, or, by failing to enter an appearance, show that they do not purpose to contest the adjudication, then the referee will enter the adjudication, and the case will be proceeded with as in other voluntary proceedings.

If, however, the nonpetitioning members of the firm should appear at the hearing, and, by proper pleading, should make defense to the proceedings, as provided for in general order No. 8, then the referee must certify the case to the judge, before whom the issue will be heard, a jury trial being had if the party has demanded the same under the provisions of section 19 of the act; that is, by filing with the referee a written demand for a jury at or before the time fixed for the hearing before him.

NOTE.

[Form of Order to be Entered and Published.]

In United States District Court, Northern District of Iowa, ——— Division. In Bankruptcy.

In matter of ——— ———, Alleged Bankrupt:

It appearing in the above case, now pending before ———, referee in bankruptcy for the district of ——— county, Iowa, that it is the purpose of the proceedings to adjudicate the firm of ——— to be bankrupt, as well as the individuals composing said firm, and it further appearing that ———, ——— a member (or members) of the firm, has not joined in the petition of his co-partners herein filed:

It is therefore ordered that this case be set down for hearing before ———, referee in bankruptcy, at his office in ———, on the ——— day of ———, at ——— o'clock, — m, and the said ——— is hereby ordered to appear at that time and place, before the said referee, and then and there to plead to or answer the petition now on file, in case he desired to contest the same, or, in default of such appearance and pleading, the prayer of the petition will be granted.

It is further ordered that a copy of this order be personally served upon the said ——— at least fifteen days before the time for said hearing, if personal service can be had, but, if such service cannot be made, then, upon filing with the referee an affidavit showing that fact, this order may be served by publishing the same once a week for six consecutive weeks in the ———.