In re BLAIR et al.

(District Court, S. D. New York. January 25, 1900.)

1. BANKRUPTCY—JURISDICTION IN PARTNERSHIP CASES—DOMICILE OF PARTNERS.

A petition in involuntary bankruptcy against a partnership, alleging that, during the greater part of the preceding six months, the several partners had their respective domiciles within the district where the petition is filed, will be dismissed on motion of the respondents, unless amended on leave, where it is shown that none of the members of the firm had his domicile or resided within the district long enough to support the jurisdiction of the court.

2. SAME—PLACE OF BUSINESS OF FIRM.

Where a partnership has had its only place of business within a given judicial district for a period of more than three months before the filing of a petition in bankruptcy against it in such district, the court therein will have jurisdiction of the petition, although, during a part of that time, the only business carried on was in the way of winding up the affairs of the firm by two of the partners, the others having retired.

3. SAME—ALLEGATION OF INSOLVENCY.

In a petition in involuntary bankruptcy against a firm. it is not sufficient merely to allege that "the partnership is insolvent," but there should also be an averment as to the solvency or insolvency of each one of the partners.

In Bankruptcy. On motion to dismiss petition in involuntary bankruptcy against the firm of Blair, Stem, Passano & Rosston.

Hayes & Bitterman, for petitioner.

Seward, Guthrie & Steele and C. A. De Gersdorff, for bankrupts, opposed.

BROWN, District Judge.   The petition in the above case was filed on November 20, 1899, against the four defendants above named. It states that they composed the co-partnership doing business under the name and style of the Anglaise-Americaine Soap Company; that during the greater part of the six months next preceding the defendants had their respective domiciles in the county of New York within this district and also had property therein; that the co-partnership being insolvent on October 5, 1899, suffered a judgment to be recovered against it, under which a portion of its property was sold by the sheriff under execution, whereby the judgment creditors would obtain a preference; and the petition asks that said "co-partnership may be adjudged to be a bankrupt."

The subpoena was served personally on Stem in this district; the other defendants were served by order in Baltimore and Richmond. On January 9th the defendant Passano appeared specially for the purpose of moving to dismiss the petition for want of jurisdiction, and upon an affidavit obtained an order to show cause why the petition should not be dismissed.   The affidavit states in brief that none of the defendants had their residence or domicile at any time within this district; that Blair during all the period referred to had his domicile and resided at Richmond, Va., and the other three defendants at Baltimore, Md.; that Passano had left the firm from three to four months before the petition was filed, and Rosston a month later; and that at the time of the preference alleged, the firm consisted of Blair and Stem only.

Upon the return of the order to show cause and on hearing, a reference to a commissioner was ordered to take proof and report the facts as to the place of business as well as the residence or domicile of all the parties.

From the report of the commissioner, it appears that the business of the Anglaise-Americaine Soap Company was started at Baltimore, where it was continued until about August 11th or 12th, when it was removed to this district; that on July 22, 1899, Passano withdrew from the firm, transferring his interest to the other three partners, who by agreement assumed all the co-partnership liabilities; that on August 11, 1899, Rosston also retired from the firm, whereupon the business was removed to this district by Blair and Stem, the remaining partners, as above stated; that Blair and Stem, from that time, continued the business under the same name and under the name and style of "Blair-Stem Company, Selling Agents for Anglaise-Americaine Soap Company"; that they continued the business in this district until on or about November 1, 1899, after which date and until the petition was filed November 9th, they were engaged in winding up the affairs of said company; and that they had no other place of business subsequent to August 12, 1899; that Blair, between the 12th and 18th of August, removed to New York from Baltimore, where he continued to reside until the 1st day of November, when he went to Richmond to reside; that Stem did not reside or have his domicile here, at any time prior to November 7, 1899.

These findings are supported by the evidence. They show, therefore, that the petition cannot be sustained upon its averment of domicile within this district, since neither of the four partners had his domicile or resided here long enough to support the jurisdiction of the court.

Further inquiry concerning the place of business of the several partners was had in view of the possible allowance of an amendment to the petition, setting up a place of business within the district for the requisite period. Section 5c of the act provides that in cases of partnership "the court which has jurisdiction of one of the partners may have jurisdiction of all"; and by section 2, subd. 1, the court is authorized to adjudge bankrupt persons "who have had their principal place of business, resided, or had their domicile within its jurisdiction" for the greater portion of the six months preceding the petition. The above facts show that two of the partners, Blair and Stem, had their only place of business within this district for a little over three months prior to the petition, if the period from November 1st to November 20th be deemed a period of doing business, during which the firm of Blair and Stem was in liquidation, in charge of Mr. Stem; otherwise not. Under the circumstances above stated, I think the period from November 1st to November 20th cannot be excluded from the period during which Stem at least had his principal place of business in New York. The circumstances are altogether different from those in the case of In re Little, 2 N. B. R. 294, Fed. Cas. No. 8,391.

It is urged that the business conducted by Blair and Stem in New York, was not the original partnership business of the four partners above named, but the business of a new firm; and that the provision of section 5c should be held applicable only to cases where the partner is transacting the same firm's business within the particular jurisdiction, and not where he is simply transacting an independent business of his own. But in this case Stem and Blair were in fact liquidating the old firm's business during this time. Nor do I perceive any sound reason for limiting, as suggested, the ordinary meaning of the language used in sections 5c and 2, subd. 1. Whatever doubts may have been raised under the act of 1867 (Cameron v. Canieo, 9 N. B. R. 527, 4 Fed. Cas. 1,128), the proceeding may certainly now be commenced in any district in which either partner resides; the present act leaves no doubt on this point (Lowell, Bankr. 360; Loveland, Bankr. 191; In re Murray [D. C.] 96 Fed. 600); and the same was held by Story, J., under the act of 1841. The reasons for the broad option given by the present act were probably reasons of convenience, and to authorize the proceedings to be had in any district wherein a partner was ordinarily to be found, whether by residence, domicile, or place of business.

If the petition were amended, therefore, by averring that Stem's place of business was here during the requisite period, the jurisdiction of the court should be sustained. The petition must, however, further show whether any of the individual partners are solvent. As it stands, it is ambiguous in this regard. It avers that the "partnership is insolvent"; but other statements seem to intimate that

by that averment it is intended only to state that the joint assets are not sufficient to pay the joint obligations. No doubt a firm is sometimes said to be insolvent when only a deficiency of joint assets is meant. But as each partner is liable in solido for the debts of the company, so that they are debts of each individual member as much and as truly as they are debts of the firm, a partnership cannot with strictness be said to be insolvent while any one of the partners is able to pay all the firm's liabilities. Lowell, Bankr. 359; Hanson v. Paige, 3 Gray, 239, 242; In re Bennett, 2 Low. 400, 3 Fed. Cas. 209. By the express provision of section 5h, moreover, the firm assets cannot be administered in bankruptcy if one of the partners is not adjudged bankrupt, unless by his consent. Bank v. Meyer (D. C.) 92 Fed. 896; In re Meyer (C. C. A.) 98 Fed. 976. It is therefore required by rule 1 of this court that the petition shall state whether any partner, not joining in the petition, is solvent or insolvent. Form 2, moreover, prescribed by the supreme court (18 Sup. Ct. xviii.), requires for an adjudication of "the firm" as bankrupts, a statement in the petition that "the partners owe debts which they are unable to pay in full." This necessarily includes the individual responsibility of each, as well as their joint responsibility; and that form evidently contemplates that an adjudication of the firm imports an adjudication of all its members as well. To avoid any ambiguity, and any delay or complication in the subsequent proceedings, the insolvency of each member of the firm should be alleged in the petition if an adjudication against the firm and an administration of the firm assets in bankruptcy are sought, in order that issue on that point, if disputed, may be at once taken and heard along with any other issues, and the scope of the proceeding determined without further delay.

The petition may be amended, if desired, within 10 days; if not so amended, it will be dismissed.