## In re ISAAC HARRIS CO.

(District Court, E. D. New York. November 9, 1909.)

BANKRUPTCY (§ 104*)—JURISDICTION OF COURT—RESTRAINING ORDERS.

A restraining order in a bankruptcy proceeding vacated in so far as it applied to persons outside of the jurisdiction of the court, and who had not come within the district to participate in the administration of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 162; Dec. Dig. § 104.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of Isaac Harris Company, bankrupt. On motion to vacate restraining order. Sustained in part.

William S. Hoerner, for the motion.

Lord, Day & Lord, opposed.

CHATFIELD, District Judge. As to the attachments levied September 10, 1908, the decision of the United States District Court in the Middle District of Pennsylvania, insomuch as it has formed a basis for the action of the sheriff of Franklin county, should be considered final in this case with respect to the validity of the attachments levied on the 10th of September, 1908, and this court will not enter into a discussion of the application of section 67f of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), and hence will make no decision on the merits as to whether the four months in question had not expired upon the 11th day of January, when the petition in bankruptcy was filed.

In regard to the application to vacate the restraining order as to others, it is apparent upon the face of the order that, in so far as jurisdiction is assumed over persons in the state of Pennsylvania, such jurisdiction could only be exerted if they are parties to the bankruptcy proceedings, or if they participate in the affairs of the bankrupt estate which is being administered in this district. The decision of the United States District Court for the Middle District of Pennsylvania was apparently made upon the assumption that this court was not intending to attempt any exercise of jurisdiction outside of its territorial limits, and the order in question cannot be vacated, so far as it applies to the creditors, especially if they come within the jurisdiction of the court, in order to participate in the administration of this estate.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

So far as the direction to the sheriff is concerned, no question can now arise, inasmuch as there can be no application to this court to punish him for contempt. But the motion to vacate the order should be granted, in so far as it, by its terms, contemplated orders to a person outside of the territorial jurisdiction of this court, and not personally subject to its orders within the jurisdiction.

The case of In re Dempster (decided by the Circuit Court of Appeals of the Eighth Circuit) 172 Fed. 353, not only recites former decisions, but so clearly states the scope of the bankruptcy statute as to make it unnecessary to discuss the question further in this opinion.

The motion, therefore, to set aside the order, will be granted to the extent indicated.