### In re J. & M. SCHWARTZ.

(District Court, E. D. New York. April 10, 1913.)

1. BANKRUPTCY (§ 15*) — PARTNERSHIP — PARTNERS IN OTHER DISTRICTS — SERVICE.

In bankruptcy proceedings against a partnership, the court may obtain service on a member of the firm, though residing out of the district.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

**2. BANKRUPTCY (§ 14\*)—PROCEEDINGS—EXTRATERRITORIAL JURISDICTION.**

The right to extraterritorial jurisdiction in bankruptcy follows the trustee's title to all property of the bankrupt's estate, wherever located, in so far as outside parties submit to or are found within the jurisdiction of the court, or where, in order to share in the administration of the estate, they must at some time submit to the jurisdiction of the court in the district where the proceedings are located; but the court has no jurisdiction to control the action of the parties out of the district who are not claiming the exercise of jurisdiction by the court in the course of the administration of the proceedings, or who have not become parties, and who can never be brought in unless they voluntarily appear.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 14.\*]

**3. BANKRUPTCY (§ 15\*)—PARTNERSHIP—PARTNER WITHOUT DISTRICT—JOINDER.**

Where a bankruptcy petition is filed by or against a firm, describing a nonresident of the district as a member, and a subpœna is issued to him, it may be served by publication within the district, and, an adjudication having been had, an ancillary proceeding to obtain assets may be brought within the district where the nonresident partner resides, or another proceeding in bankruptcy may be instituted on the original petition in that district; but he cannot be adjudged a bankrupt as a partner and as an individual, and the trustee take title to and follow his assets wherever located, unless he appears and interposes a petition, or unless he claims to be solvent, and, if not adjudicated a bankrupt, endeavor to act within Bankr. Act July 1, 1898, c. 541, § 5, subd. "h," 30 Stat. 547, 548 (U. S. Comp. St. 1901, p. 3424), providing that in the event one or more of the partners, but not all, are adjudged bankrupt, the partnership property shall not be administered in bankruptcy unless by the consent of the partner or partners not adjudicated, entitled to administer the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. § 15.\*]

**4. BANKRUPTCY (§ 15\*)—PARTNERSHIP—ADJUDICATION AGAINST PARTNERS—NONRESIDENTS.**

Where, in bankruptcy proceedings against a firm, a nonresident of the district, afterwards alleged to be a partner, was not originally joined, there could not be an adjudication against him until provisions of Act July 1, 1898, c. 541, § 5, subd. "h," 30 Stat. 547, 548 (U. S. Comp. St. 1901, p. 3424), and General Order 8 (89 Fed. vi, 32 C. C. A. xi) had been complied with and he had been given a proper opportunity to answer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. § 15.\*]

**5. BANKRUPTCY (§ 88\*)—PARTNERSHIP—ADDITIONAL PARTIES—AMENDMENT OF SCHEDULES.**

Where a nonresident of the district was claimed to be a member of an alleged bankrupt firm, the court had power to grant an application to amend the schedules and proceedings and to bring in such additional person, under authority conferred by Bankr. Act July 1, 1898, c. 541, § 2, subd. 6, 30 Stat. 545, 546 (U. S. Comp. St. 1901, p. 3420), and to adjudicate the firm and its members bankrupt, as authorized by section 2, subd. 1, if proper facts are shown.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. § 88.\*]

**6. BANKRUPTCY (§ 88\*)—PROCEEDINGS—APPEARANCE.**

Where a nonresident was claimed to be a partner of a firm alleged to be bankrupt, and he specially appeared to object to the jurisdiction, the court would grant time to present testimony, and in case that was not

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

done direct the issuance of a subpœna requiring him to answer the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. § 88.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of J. & M. Schwartz. On petition of the trustee that one Harry Colton, a resident of New Jersey, be declared the partner of the bankrupt firm and adjudged a bankrupt. On objections by Colton to the proceedings and to the jurisdiction. Overruled.

Herman G. Rabinowitz, of New York City, for trustee.

H. & J. J. Lesser, of New York City, for Harry Colton.

CHATFIELD, District Judge. Adjudication upon an involuntary petition was had on the 18th day of November, 1912, against Joseph Schwartz and Morris Schwartz, individually and as members of the firm of J. & M. Schwartz. The papers show that the alleged bankrupts resided in this district, and had places of business at 39–41 East Broadway, and 82 Division street, borough of Manhattan. A receiver was appointed, and attempts were made to secure some of the assets in the store at No. 82 Division street, borough of Manhattan.

The trustee states in his petition that one Harry Colton, a son-in-law of Joseph Schwartz, made certain disposition of the assets of the bankrupt, and sold for cash the goods in the Division street store. It is also alleged that Colton was interested in the business through investments of money, to have had the right to share in the profits, and to have been an actual partner rather than a creditor. Upon this ground the trustee has given a notice of motion to the said Harry Colton, which was served upon him at 50 West street, Newark, N. J., for an order adding the said Harry Colton to the proceedings as a member of the firm.

Upon the argument of the motion, the said Harry Colton appeared specially by attorney and interposed an affidavit, verified upon the 7th day of March, 1913, in the county of New York. He claims that he is a resident and lives in the state of New Jersey, that he has no place of business in the state of New York, and that he is not a partner in the said firm. He objects to this proceeding, on the ground that the court has no jurisdiction to adjudicate him a bankrupt, that the form of the proceeding instituted by the trustee and creditors is without authority in law and is not in accordance with General Order 8 (89 Fed. vi, 32 C. C. A. xi), nor section 5 of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3425]).

[1] The creditors have based their proceedings upon the case of In re Murray et al. (D. C.) 96 Fed. 600, in which the court upheld the right to obtain service upon a member of the firm petitioned into bankruptcy, even when out of the district.

[2] As has been held in many cases, the right to extraterritorial jurisdiction in bankruptcy follows the trustee's title to all property of the bankrupt estate, wherever located, in so far as outside parties submit to or are found within the jurisdiction of the court as to the property,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or where, in order to share in the administration of the estate, they must at some time submit to the jurisdiction of the court in the district where the proceedings are located. But as was said in Re Harris Co. (D. C.) 173 Fed. 735, the bankruptcy court has no jurisdiction to control the action of parties out of the district, who are not claiming the exercise of jurisdiction by this court in the course of the administration of the proceedings, or who have not become parties therein, and who can never be brought in unless they voluntarily appear.

[3] This case raises, therefore, at the outset, a jurisdictional question. If a voluntary petition had been filed, or if in the involuntary petition the said Harry Colton had been described as a member of the firm and a subpœna had issued to him, it could have been served by publication within this district, adjudication might have been had, and an ancillary proceeding to obtain assets might be brought within the district where the said Colton resides, or another proceeding in bankruptcy might have been instituted upon original petition in that district. But the proceedings here would result in adjudication of the said Colton as a partner and individually, and the trustee would take title to and follow his assets wherever located, unless he appeared and opposed the petition, or unless he claimed to be solvent, and, if not adjudged bankrupt, endeavored to act under the provisions of section 5, subd. "h," in administering the estate.

[4] Under these circumstances no adjudication of the alleged partner, Colton, can be had until the provisions of the statute and of General Order 8 have been complied with and he has been given the proper chance to answer.

[5] But there would seem to be no reason why the court may not entertain the application to amend the schedules and proceedings and to bring in an additional person, under section 2, subd. 6, of the Bankruptcy Law, and to adjudicate the firm and its members bankrupt, under section 2, subd. 1, if the proper facts be shown. If the said Colton desires to attack the right of the court to adjudicate the firm of J. & M. Schwartz bankrupts, or to charge that this court has no jurisdiction over that firm, but that the petition heretofore filed herein should be confined to the individual assets and estates of Joseph and Morris Schwartz, these issues might have some bearing upon whether or not the court had also jurisdiction to adjudicate the said Colton a bankrupt as a partner and individually, if he neither has a domicile nor place of business within this district.

But these questions cannot be disposed of upon the present motion. The preliminary objection to a determination by the court of whether or not Colton should be called upon to answer the proceeding in this district must be decided in favor of the trustee, but such proceedings can only be instituted by a subpœna to answer or its equivalent. Upon the present motion nothing can be determined except the preliminary objection to the sufficiency of the papers and allegations in the record to justify the summoning of the said Harry Colton to answer as if he had been made a party to the proceedings at the outset.

[6] The court will therefore overrule the preliminary objection based upon the special appearance (the said Colton having actually ap-

peared in court for that purpose and having submitted an affidavit verified within the state of New York), and will direct that the said Colton present, within five days, any affidavit or testimony which he desires as to the jurisdiction of the bankruptcy court over the firm of J. & M. Schwartz, as a partnership. If this is not done, the motion to add Harry Colton as a partner to the proceedings will be granted, to the extent of directing a subpœna to issue to him to answer the allegations of the petition, including the allegation that he is a partner, or to show cause why the firm, and he as an individual, should not be adjudged bankrupt, in the usual form provided for by the statute.