### In re MITCHELL & CO.

### Ex parte McGOVERN.

(District Court, S. D. New York. March 11, 1914.)

1. BANKRUPTCY (§ 15*)—PARTNERSHIP—ADJUDICATION—JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, § 2, subd. 1, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420), giving the bankruptcy court jurisdiction to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof, and section 5c, providing that the court which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property, where the court had jurisdiction over all the partners of an alleged bankrupt firm, it had jurisdiction of the firm, though it had been organized less than three months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. § 15.*]

2. BANKRUPTCY (§ 90*)—JURISDICTION—PARTNERSHIP—ISSUES.

In bankruptcy proceedings against a partnership, the court has no concern with any fraud through which a partner has been induced to enter the firm.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 124; Dec. Dig. § 90.*]

3. BANKRUPTCY (§ 100*)—ADJUDICATION—APPLICATION TO REOPEN.

Where, in bankruptcy proceedings against a firm, petitioner, one of the partners, knew of the proceedings and selected an attorney in fact against that event, who appeared formally and filed an answer and later, on receiving notice of hearing before the master, deliberately chose to abandon the case, and the attorney at law who acted for the attorney in fact informed the attorney for the petitioning creditors that he did not intend to appear and that the default should stand, petitioner was not entitled to have the adjudication reopened on the ground that it was entered by default or his excusable neglect.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Mitchell & Co. On petition of Thomas B. McGovern to set aside the adjudication. Denied.

A. J. Keogh, of New York City, for trustee and petitioning creditors.

Roy M. Robinson, of New York City, for petitioner.

HAND, District Judge. The first question is of this court's jurisdiction to adjudge the firm bankrupt. As a firm it had been organized less than three months, and the petitioner asserts that under subdivision 1 of section 2, this court had no jurisdiction. The words of that section are:

"Adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof."

Section 5, subd. "c" provides:

"The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property."

[1] This section seems to me to leave no doubt that wherever you have jurisdiction over one partner you have over the whole firm, whether or not the firm is over three months old. Its first purpose probably was territorial convenience, but the words are general, and there is no reason to limit them so that you may not bring in the firm if any partner has for three months resided in the district. The nearest case I find is In re Blair (D. C.) 99 Fed. 76; but that is not in point, because the firm had done business in this state as long as the individual partners. It is quite clear, however, that Judge Brown supposed the only question was whether this court had jurisdiction over the partners personally. A contrary ruling would be very inconvenient; for, in a case like this, all the partners individually could be adjudicated bankrupts, but as a firm they could not, a very undesirable result practically. I agree that for all purposes of administration the entity theory should be observed as rigidly as possible; but I am satisfied that section 5c did not mean to keep the firm entity out of the bankruptcy court when, as here, all the partners were bankrupt and had done business for more than three months in the district in question.

[2] Upon the merits, it is clear that the bankruptcy court has no concern with the fraud, if any, practiced on the petitioner which induced him to enter the firm. Bankruptcy is a matter between the creditors and the firm, and fraud between the partners does not affect it. If the petitioner was unfortunate in signing the articles, he took his chances of the truth of the inducements on which he entered, and is none the less bound to creditors who dealt with the firm itself.

[3] The only relevant consideration is whether there is ground to reopen the adjudication. It was not a case of default at all; the petitioner knew of the prospective bankruptcy and selected an attorney in fact against that very event; the attorney in fact appeared formally and filed an answer; later he received express notice of the hearing before the master and deliberately chose to abandon the case, thus allowing a decree to go against his client. Indeed, the attorney at law who acted for the attorney in fact told the attorney for the petitioning creditors that he did not intend to appear and that the default should stand. It is hard to see, in the face of all this, what is the petitioner's ground of complaint, except as against his attorney in fact.

Furthermore, the papers do not show any ground to suppose that an act of bankruptcy was not committed. There is no allegation that the firm or the petitioner was solvent. The fact that the preference laid in the petition for adjudication occurred after dissolution is not material, if it was of firm funds, since they should be distributed equally to all firm creditors as much after as before dissolution. All the other proposed allegations of a new answer, which are set forth in the eighth article of this petition, are equally irrelevant.

I can see no ground to disturb the adjudication. The motion is denied.