STEINER, LOBMAN & FRANK et al. v. T. S. FAULK & CO. (two cases).

(Circuit Court of Appeals, Fifth Circuit. April 12, 1915. Rehearing Denied May 17, 1915.)

Nos. 2671, 2701.

1. PARTNERSHIP ☞131.—INVOLUNTARY BANKRUPTCY—AUTHORITY OF PARTNER.
   The power vested in one member of a partnership to carry on the firm business without consulting his associate did not include the power of terminating the partnership by consenting that it be adjudged a bankrupt, and his consent did not estop the firm to contest the involuntary petition in bankruptcy.

   [Ed. Note.—For other cases. see Partnership, Dec. Dig. ☞131.]

2. APPEAL AND ERROR ☞1195—PROCEEDINGS AFTER REMAND—LAW OF THE CASE.
   The District Court could not require an alleged bankrupt to pay the costs and fees of a receivership prior to the adjudication as a condition of the bankrupt's right to contest the involuntary petition, where the decree of the Circuit Court of Appeals on a former appeal had taxed such costs and fees against the petitioning creditors.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ☞1195.]

In Error to, and Petition to Superintend and Revise from, the District Court of the United States for the Middle District of Alabama; Aleck Boarman, Judge.

Proceeding by Steiner, Lobman & Frank and others against T. S. Faulk & Co. to have the defendant adjudicated a bankrupt. Judgment in favor of defendant, and petitioners bring error, also filing a petition to superintend and revise. Judgment affirmed, and petition to superintend denied.

In No. 2671:
R. E. Steiner, B. P. Crum, and Leon Weil, all of Montgomery, Ala., and B. G. Farmer, of Dothan, Ala., for plaintiffs in error.

W. A. Blount, A. C. Blount, Jr., and F. B. Carter, all of Pensacola, Fla., Warren S. Reese, of Montgomery, Ala., and W. O. Mulkey, of Geneva, Ala., for defendants in error.

In No. 2701:
Leon Weil and B. P. Crum, both of Montgomery, Ala., for petitioners.

W. A. Blount, A. C. Blount, Jr., and F. B. Carter, all of Pensacola, Fla., and W. O. Mulkey, of Geneva, Ala., for respondents.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. [1] Before the submission to the jury of the issue made by the answer of T. S. Faulk & Co. to the involuntary petition to have that firm adjudged a bankrupt, the creditors who had instituted the proceeding filed a petition, which, after alleging in substance that said T. S. Faulk, acting for and in behalf of said firm of T. S. Faulk & Co., and being authorized to do so, requested

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that petitioners file a petition in bankruptcy against said firm, and obtain the appointment of a receiver to take charge of the firm's assets and property for the benefit of its creditors, and that but for such request and consent of the said T. S. Faulk & Co. said original petition in bankruptcy would not have been filed, prayed that the court, before having a jury determine the issue of insolvency, and of acts of bankruptcy, raised by the answer of the alleged bankrupt, determine from evidence to be adduced whether or not the said original petition in bankruptcy was filed at the instance and request of the said T. S. Faulk & Co., and whether or not said T. S. Faulk & Co., by their conduct, have estopped themselves from defending against the said original petition and adjudication thereon, and that if, upon a hearing of such issue, the same should be determined in favor of the petitioners, such orders in the premises be made as will protect petitioners' rights and as in equity they are entitled to.

After hearing the arguments of counsel representing the respective parties, the court stated that it did not think that the views of the attorneys' representing the petitioning creditors and those of the court as to the petition were far apart, and directed that the case proceed to a trial and that a jury be impaneled. In the statement to the jury which was impaneled of the issues submitted to them, attorneys for the petitioning creditors stated the facts expected to be proved as showing an estoppel against the alleged bankrupt substantially as those facts were stated in the petition above mentioned, and in reply to this statement attorneys for the alleged bankrupt denied the existence of the facts so stated. Evidence was adduced on the issue thus made. In reference to that issue the court said in its charge to the jury:

"It is contended on behalf of the petitioning creditors that T. S. Faulk & Co. consented or agreed that Mr. Frank should put them into bankruptcy. Now, under that consideration, I invite your attention to the law. Under the law it is not competent for one partner, without the knowledge or consent of the other partners, if there be several, one or more, to consent or agree that the commercial firm shall be put into bankruptcy, or acquiesce in the putting of the firm into bankruptcy, and any such agreement or acquiescence does not bind the commercial firm, or prevent it from denying the existence of any act of bankruptcy, or of its insolvency."

An exception to this instruction was duly reserved by the petitioning creditors. The jury could not, without disobeying this instruction, have found in favor of the petitioning creditors on the estoppel issue, as the only evidence adduced which had a tendency to prove that the petitioning creditors, in filing the involuntary petition in bankruptcy, acted at the instance or request of any one other than themselves, was that tending to prove that they instituted the proceeding at the instance and request of T. S. Faulk, one of the members of the firm of T. S. Faulk & Co. Whether it was the purpose of the court, in permitting the evidence on the issue to be adduced before the jury, to obtain a verdict which was to be conclusive, or one that was to be merely for the aid of the court in itself finally passing on the issue so raised, the instruction may be regarded as a ruling to the effect that the evidence adduced did not support the asserted claim to an estoppel.

We are not of opinion that the court was in error in so ruling. The evidence tending to prove that the conduct of the business of the firm was left entirely with T. S. Faulk, and that the other partner had nothing to do with the management of the business, had no tendency to prove that T. S. Faulk was authorized to bind the partnership by his consent that it be adjudged bankrupt. The power which that evidence tended to prove was vested in T. S. Faulk was that of carrying on the firm business without consulting his associate, and did not include that of terminating the partnership by consenting that it be adjudged a bankrupt. Parker v. Brown, 85 Fed. 595, 29 C. C. A. 357; Osborne v. Barge (C. C.) 29 Fed. 725; In re Carleton (D. C.) 115 Fed. 246; In re Murray (D. C.) 96 Fed. 600; 30 Cyc. 520; Bates on Partnership, § 338. The conclusion is that there was an absence of evidence to support the averment of the estoppel petition to the effect that T. S. Faulk was authorized to bind the partnership by a request that a petition to have it adjudged a bankrupt be filed. The ruling in the case of Paul v. Cullum, 132 U. S. 539, 10 Sup. Ct. 151, 33 L. Ed. 430, is not opposed to this conclusion. In that case the court held that a special power of attorney was broad enough in its terms to confer on one partner the power to make in behalf of the firm an assignment for the benefit of creditors.

[2] It is to be observed that, in so far as the estoppel petition is to be regarded as an appeal to the court to require T. S. Faulk & Co. to pay the costs and fees of the receivership as a condition of their exercising the right of contesting the involuntary petition in bankruptcy, the relief was not grantable, as that matter was finally disposed of by this court on the former appeal by the decree taxing those items against the petitioning creditors. T. S. Faulk & Co. v. Steiner, Lobman & Frank, 165 Fed. 861, 91 C. C. A. 547.

It is not necessary to determine whether the action of the court with reference to the estoppel claim could properly be sustained upon a ground other than the one above mentioned. We are not of opinion that there was any reversible error in any ruling of which complaint is made.

The judgment of the District Court is affirmed, and the petition to superintend and revise the same proceedings is denied.