## Case No. 4,998.

### In re FOWLER.

[1 Lowell, 161;[1] 1 N. B. R. 680.]

District Court, D. Massachusetts. June, 1867.

R. M. Morse, Jr., for creditor.

A. Wellington, for bankrupt.

LOWELL, District Judge. The district court has power to hear and decide all contested questions, and to stay proceedings improvidently begun. The eleventh section of the statute [Act 1867 (14 Stat. 521)] seems to contemplate that voluntary petitions may sometimes be contested, for it provides that the register may make adjudication if there be no opposing party. But it is not the intent of the act that the court should inquire whether the petitioner is insolvent or not. When a debtor swears that he is unable to pay his debts in full, and files the requisite petition and schedules, he has committed an act of bankruptcy, and any creditor may then carry on the proceedings if the debtor shall fail to do so. His act is for the benefit of all persons interested, and cannot be retracted on the application of only one of them, with or without the debtor's consent. No notice is required to creditors before adjudication, and the judge or register is only to inquire whether the debtor owes three hundred dollars. Section 11. That he is unable to pay his debts in full and is willing to surrender all his property is conclusively proved by his petition, so far as a decree of bankruptcy is concerned. He may be, in fact, fraudulent, and able and unwilling to pay his debts; but the law takes him at his word, and makes effectual provision, not only by civil but even by criminal process to effectuate his alleged intent of giving up all his property. If I should undertake, on a preliminary hearing, to decide that the petitioner has ample means to pay his debts, but is unwilling to discover them, and should dismiss the case on that ground, I should be usurping the province of the assignee, and should surrender the very powers and remedies which the bankrupt law provides for that exigency; besides giving the single creditor, who objects in order to save some attachment or security, an advantage which the law intends to avoid. The only questions open upon a voluntary petition are those which go to the jurisdiction, such as residence, and a sum total of provable debts of three hundred dollars. It is these which section 11 refers to as being possibly contested. So where one copartner petitions and another copartner resists, the latter has an interest to retain his own property, and may show that the firm is not insolvent. A creditor has no such interest in his debtor's property as a partner has in that of his firm. His rights, except where they tend to give him a preference over the general body of creditors, are fully secured in bankruptcy. And even in case of a partnership, the court might perhaps have power to order security to be given for the payment of the joint debts before dismissing the petition.

If this creditor were the only one, and the petition were intended merely to vex and hinder him, or if all the creditors joined in a protest, and were ready to discharge the debtor, there might be some ground to stay the proceedings; but to do it at the instance of one out of several, on the ground that the debtor has undisclosed assets, would be contrary to the whole spirit of the act. There is no such effectual mode of obliging a fraudulent debtor to do justice to all his creditors, as to proceed against him in bankruptcy, and the law does not intend that he should do justice to less than all. The only objection made to this adjudication is one which, if true, would be a sufficient reason

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

for adjudging the debtor a bankrupt, namely, that he has property concealed which ought to be used in payment of his debts. Such a fact is evidence of insolvency as well as bankruptcy, and if other evidence than the debtor's petition were admissible, would tend to confirm rather than to disprove the allegations of the petition. Adjudication ordered.