---

### In re EHLE.

#### (District Court, D. Vermont. June 3, 1901.)

BANKRUPTCY—ASSETS—CONTINGENT REMAINDER.

Where by the will of a testator his estate was left in trust until the death of the last surviving of his two daughters, to be thereafter divided, and a share paid to each of his grandchildren named, on reaching the age of 25 years, or in case of the death of either before reaching that age, or before the time for distribution, to his or her lawful children, if any, a grandchild took no vested interest in the estate during the life of the testator's daughters, which would pass to his trustee in bankruptcy.

In Bankruptcy. On petition of trustee for leave to sell an expectancy of the bankrupt in the estate of a deceased ancestor.

Edward M. Goddard, pro se.
George W. Wing, for bankrupt.

WHEELER, District Judge. George Robinson, of Northfield, Minn., grandfather of the bankrupt, died, leaving two daughters, one, Frances M. Ehle, having two children,—the bankrupt and Archibald Hyde Ehle,—and the other, Gertrude L. Archibald, having one child,—Alice Cynthia Archibald,—and leaving a will appointing executors and trustees of his estate, and creating a trust of his property in them for the benefit of his children and grandchildren, naming them, and directing its management. Then the will proceeds:

"After the decease of one of my herein named daughters, her share of the interest and income from this trust shall become a part of this trust. After the decease of both of my daughters, and none of the hereafter named grandchildren shall have reached the age of twenty-five, the interest and income from this trust shall be paid, as hereinbefore directed, to my grandchildren George Robinson Ehle, Archibald Hyde Ehle, and Alice Cynthia Archibald, or their guardians for their benefit, each sharing alike, or the surviving of them. After the decease of both of my daughters herein named, and George R. Ehle shall have reached the age of twenty-five, there shall be given and paid to him for his own use, in his own right forever, two-fifths (⅖) of all that remains of my estate and this trust, and there shall be set apart three-

109 F.—40

fifths (⅗) of what remains of my estate and this trust, and shall be given and paid to Archibald H. Ehle and Alice C. Archibald, each sharing alike, when they are of the age of twenty-five, or their lawful children for their own use, and in their own right, forever. If any of the herein named grandchildren are not living and have no lawful children when this trust is to be divided, all that remains of this trust shall be given to the surviving of the within named grandchildren, each sharing alike. If there should remain any part of this trust in the hands of the trustees after the death of my daughters and the death of all the grandchildren herein named and the grandchildren having no lawful children, then all that remains of this trust shall be given to my lawful heirs."

The bankrupt's mother is about 51, her sister a few years younger, and he is past 25, and the trust amounts to near $75,000. The trustee asks leave to sell this expectancy, and the question is whether the bankrupt had any vested interest in the trust that would pass to the trustee, or only a contingent remainder. It is to be noticed that if his mother should die before his aunt, he and his brother would take nothing as her heirs, for her share is in such case to be continued in the trust without descending. If he does not outlive both his mother and his aunt, neither he nor his heirs, as such, will take anything, but his children, if any surviving, would take, as devisees or legatees, directly from his grandfather under the will. In no event can the bankrupt take anything under the will, except upon his surviving both his mother and his aunt. He has no vested interest yet, and may never have any. This contingency is personal to the bankrupt as to whether he shall ever take at all under the will, and not as to time when he or his heirs shall surely take. This distinction was observed in Boraston's Case, 3 Coke, 19a, and it seems to have been followed ever since. In Ford v. Rawlins, 1 Sim. & S. 328, there was to be a distribution when the youngest child should be 21, and it was held that no interest was vested in children who had died before. So here there is to be a division upon the death of the last surviving daughter, and grandchildren not surviving then can have nothing, and nothing can be vested in any of them before. These matters are instructively discussed, and this distinction well maintained, by the referees and by Judge Brown in Re Wood, 3 Am. Bankr. R. 572, 98 Fed. 972; in Re Hoadley, 3 Am. Bankr. R. 780, 101 Fed. 233; and in Re Gardner, 5 Am. Bankr. R. 432. According to these views, nothing in this behalf was vested in the bankrupt to pass to the trustee for sale. Petition dismissed.