### In re FORBES et al.

#### (District Court, D. Massachusetts. February 11, 1904.)

#### No. 8,338

1. BANKRUPTCY—PARTNERSHIP—PETITION BY ONE PARTNER AGAINST FIRM AND COPARTNER.

Where a petition has been filed by one partner to bring his firm and his copartner into bankruptcy, the latter is not entitled to insist upon proof of an act of bankruptcy, which the petitioner is not required to allege either by the bankruptcy act or by the practice thereunder, nor can he set up the want of such an act as a defense to the petition, but he may set up the defense of solvency, since an adjudication of bankruptcy against all the partners is essential to one against the firm, and on that issue he is entitled to a trial by jury.

In Bankruptcy.

Southard & Parker, for petitioner.
Clement G. Morgan, for respondent.

LOWELL, District Judge. This is a petition in the usual form filed by one partner to bring his firm and his copartner into bankruptcy. The copartner, being served, has, by his answer, denied "that he has committed the act of bankruptcy alleged in the petition, or that he is insolvent," and has also denied that the partnership existed at the date of the petition or at any other date. He has claimed a jury trial. The court has to consider if a jury trial can be had, and, should it be ordered, what issues are to be submitted to the jury.

Some difficulties arising in the bankruptcy of partnerships, and especially in dealing with voluntary petitions by one partner, were stated by this court in In re Carleton (D. C.) 115 Fed. 246. Neither the act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], nor the act of March 2, 1867, c. 176, 14 Stat. 517, nor the general practice of courts of bankruptcy under either act, has required an allegation of an act of bankruptcy in a petition filed by one partner to bring into bankruptcy his partnership and partners. The act of 1898 does not require an allegation of insolvency, though the allegation that the partners are unable to pay their debts, which is contained in Form No. 2, promulgated by the Supreme Court under authority of the act, comes almost to the same thing. On the other hand, General Order 8, under the act of 1898, and General Order 18, under the act of 1867, alike have provided that a partner refusing to join in a partnership petition filed by his copartner is entitled to resist the prayer of the peti-

tion as if it had been filed by a creditor, and "shall have the right * * * to make proof, if he can, that the partnership is not insolvent or has not committed an act of bankruptcy." The general order thus appears to provide that the nonassenting partner may disprove that which the petitioning partner need not allege. If it be suggested that the general order is intended to require that the former make his defense by way of confession and avoidance, the answer is obvious that it is hard to imagine the course of a trial in which a respondent is required by affirmative proof to negative generally the commission of any act of bankruptcy, no specific act having been alleged anywhere in the pleadings.

If we pass from the statute itself, the general orders and forms duly promulgated thereunder, and the unreported practice of courts of bankruptcy, to reported decisions, we shall find that under the act of 1867 the inferior federal courts uniformly held that the petition of one partner to put into bankruptcy his firm and copartners need allege no act of bankruptcy, though it might do so. See cases cited in In re Carleton (D. C.) 115 Fed. 246, 248. An allegation of insolvency, required in all cases by the act of 1867, was held sufficient. Unless the petition alleged an act of bankruptcy, the nonassenting partner was shut up to disproof of insolvency. These decisions thus limited the effect of the general order, and for many purposes they treated the petition of one partner as a voluntary petition. On the other hand, the Supreme Court in Medsker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654, held that as to a nonassenting partner adjudged bankrupt upon the petition of his copartner, the case was one of "compulsory or involuntary bankruptcy," for the purpose of classifying preferences. The apparent conflict between the statute, the forms, the practice, and many decisions of inferior courts on the one hand, and a general order and a dictum of the Supreme Court on the other, was thus inherited from the act of 1867. While General Order 8, under the act of 1898, has not removed the difficulty, it has neither increased nor created it. See In re Penn, Fed. Cas. No. 10,927. To overthrow the general practice and the unanimous decisions of courts of bankruptcy, because opposed to a dictum of the Supreme Court, is dangerous; dangerous also to disregard a clear expression of that court's opinion, because opposed to the unbroken practice of all courts of bankruptcy under two bankrupt acts as well as to many reported decisions of those courts.

To decide the present case, the general nature of partnership proceedings in bankruptcy must be considered, since there lies the origin of the confusion. For some purposes a partnership has been treated as an entity apart from the partners; for other purposes it has been treated as a congeries of partners. Some courts have suggested that the act of 1898 has adopted for bankruptcy the theory of an entity separate from the partners. Sections 1 (19), 5a; In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Mercur, 122 Fed. 384, 58 C. C. A. 472. Yet this treatment of a partnership is irreconcilable with other provisions of the statute. Section 5h of the act provides that the partnership property (except in case of consent) shall not be administered in bankruptcy unless all the partners are adjudged bankrupt. This is, in effect, a provision that the partnership shall not be made bankrupt

except by an adjudication of all its partners. Adjudication without accompanying distribution of the bankrupt estate would be worse than a vain form, for it would confuse inextricably questions of preference, lien, attachment, and the like. The remedy given by clause "h" to the trustee is, in substance, the equitable remedy found so unsatisfactory in the days of Lord Eldon. See In re Wilcox (D. C.) 94 Fed. 84, 95. The negative provision of clause "h" is more definite than the affirmative provision of clause "a," which does not declare under what circumstances the adjudication of a partnership shall be made, or what shall be its form or effect. Section 5b contemplates that the adjudication under a joint petition shall be both joint and several. If the adjudication were joint only, there would be no object in providing that the joint creditors alone shall elect the trustee. Still again, section 5c gives to the court which has jurisdiction of one partner "jurisdiction of all the partners," and says nothing about jurisdiction of the partnership as an entity. Read as a whole, Form No. 2 agrees with section 5h, and not with the theory of entity. It is in terms the petition of individuals. It sets out that "they" owe debts which "they" cannot pay, and that "they" desire the benefits of the bankrupt act. The joint debts are styled "the debts of said partners," not the debts of the firm, and the joint assets "the property, real and personal, of the said partners." It is true that the last paragraph of the petition contains a prayer that "the firm may be adjudged by a decree of the court to be bankrupts," but the use of the plural shows that the word "firm" is there a collective noun, as further appears from the fact that the prayer is obviously intended to cover a separate as well as a joint adjudication.

But the rule that there can be no bankruptcy of a partnership without bankruptcy of all the partners (save exceptional cases such as In re Dunnigan [D. C.] 95 Fed. 428, and the like) is based, not so much upon a nice examination of the words of the particular statute, as upon general principles of law. The equal and equitable distribution of the estates of insolvents and their discharge from the obligation of their debts are the ends sought by proceedings in bankruptcy. Bankruptcy, without insolvency, actual or presumed, is almost inconceivable. Bankruptcy without discharge for the honest debtor is a contradiction in terms. It is impossible to declare a partnership insolvent so long as the partners are able to pay its debts and theirs, whether out of joint or separate estate, and so the courts have generally held that a partnership is not insolvent unless by the insolvency of all its partners. See Vaccaro v. Bank of Memphis, 103 Fed. 436, 43 C. C. A. 279; In re Blair (D. C.) 99 Fed. 76; Davis v. Stevens (D. C.) 104 Fed. 235. Not the insolvency of any imaginary entity, as in the case of a corporation, but the insolvency of its human component parts, lies at the foundation of the bankruptcy of a partnership. Those who bring an involuntary joint petition must certainly prove this, and by the principles of sound pleading and the analogy of Form No. 2 they must allege it. As the bankruptcy of a partnership begins with an inquiry into the condition of its individual partners, the end of the proceedings is normally their discharge. So far as I know, the discharge of a partnership as an entity has never been suggested, and what would be the effect of such a discharge can hardly be imagined. Herein appears the difference be-

tween a partnership and a corporation. Under an adjudication merely joint, it is impossible to discharge the partners as individuals, even from their joint debts, for every joint debt of the partnership is also a separate debt of each partner, and separate debts can be discharged only after an individual adjudication operating upon the separate estate. For these reasons, this court of bankruptcy has consistently refused to make the adjudication of a partnership, unless all the partners be adjudged bankrupts at the same time. The confusion which inevitably results from any other rule is abundantly illustrated by the reports. Whether an adjudication of all the partners upon separate petitions carries an administration of the partnership estate need not be decided here. This may be implied from section 5h, but the implication is not strong. See In re Mercur, 122 Fed. 384, 58 C. C. A. 472.

The act of bankruptcy alleged in an involuntary petition as the basis of adjudication need not be actually committed by all the partners. Even their privity is not essential. "An act by one member of a firm, within the scope of his authority, in relation to joint property or joint debts, such as giving a preference, making a fraudulent transfer, should be imputed to all the members in this as in all other civil cases." Lowell on Bankruptcy, 43. A voluntary petition is itself treated as an act of bankruptcy. In re Fowler, 1 Lowell, 161, Fed. Cas. No. 4,998; Lowell on Bankruptcy, 30. It is not unreasonable, therefore, to hold that a petition by one partner does of itself dispense with proof of any other act of bankruptcy. In order to maintain his petition the petitioning partner cannot profitably be required to go through the form of giving a preference or of making a fraudulent transfer. If A. and B., two partners, are insolvent, and A., by his voluntary petition or otherwise, commits an act of bankruptcy in connection with the firm, there is no reason, in the nature of things, that the joint adjudication should not be accompanied by an individual adjudication against him, and his individual assets and debts may thus properly be brought under the administration of the court of bankruptcy. Furthermore, if A. has committed an act of bankruptcy which involves the firm, there is no substantial reason of justice that B., the nonassenting partner, insolvent by the terms of the supposition, and bound as to the joint debts and assets by A.'s act of bankruptcy, should not also be adjudged bankrupt individually as well as jointly. The joint adjudication is thus made to draw after it the separate adjudication of both partners. This is the rule required by convenience, and it is not contrary to justice. On the other hand, justice requires, and convenience does not forbid, that the nonassenting partner have the right to contest the issue of insolvency substantially tendered by the petition, and on this issue he seems entitled to a jury trial. See In re Murray (D. C.) 96 Fed. 600. Upon whom lies the burden of proof need not now be considered. The court, therefore, holds that a nonassenting partner cannot set up the want of an act of bankruptcy as a defense to a petition brought by his partner against the firm and partners, but that he may set up the defense of solvency. If the firm is adjudged bankrupt, the adjudication must be several as well as joint. The nonassenting partner is entitled to trial by jury upon the issue of insolvency and upon that issue only. Upon the issue of partnership he is entitled to a trial by the court.