In re WEIDENFELD.

(District Court, E. D. New York.  May 12, 1919.)

BANKRUPTCY ⬤⟹92—RESISTANCE TO ADJUDICATION—APPLICATION FOR ADJUDICATION ON SECURING PROPERTY.

Under Bankruptcy Act July 1, 1898 (Comp. St. § 9585 et seq.), a bankrupt, who has resisted adjudication for nearly two years, cannot suddenly change his attitude and obtain an adjudication as of date of filing of petition, on securing a substantial property by death of his wife, which cannot be applied to his debts if his application is granted; the application not having been made until the petitioning creditors applied to withdraw their petition, which they were entitled to do unless some oher creditor objected, for when the creditors withdrew their petition the proceeding was terminated in the absence of objection.

In Bankruptcy. In the matter of Camille Weidenfeld, alleged bankrupt. On motion for order adjudging the alleged bankrupt a bankrupt as of a particular date. Motion denied.

Walter Jeffreys Carlin and Herman J. Witte, both of New York City, for alleged bankrupt.

Otto B. Schmidt, of New York City, for Bessie C. Fischer.

Frederic W. Frost, of New York City, for petitioning creditors.

Marshall S. Hagar, of New York City, for petitioning creditors in second proceeding.

Sullivan & Cromwell, of New York City, for Sayer.

GARVIN, District Judge. This is a motion by the alleged bankrupt for an order adjudging the alleged bankrupt a bankrupt as of May 12, 1917, upon the ground that having filed an answer to the petition in involuntary bankruptcy alleging solvency, and having later ascertained that he was insolvent, said alleged bankrupt filed an amend-

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed answer on March 17, admitting that he was insolvent at the time the petition was filed. He claims that this so-called amended answer was merely a formal admission of insolvency, as a result of which an adjudication must follow as of the date of original filing of the petition.

The application is vigorously opposed by the attorneys for the petitioning creditors herein. It is set forth by affidavit, which is not denied, that the petition was filed on or about May 12, 1917; that on or about July 2, 1917, the alleged bankrupt filed an answer denying insolvency, and that upon the request of the attorney for the alleged bankrupt the trial on the issues was adjourned from time to time, by reason of the fact that, if certain litigation to which the alleged bankrupt was a party should terminate in the latter's favor, he might be in a position to make an offer of settlement to his creditors; that on December 5, 1918, the wife of the alleged bankrupt died, leaving a considerable estate; that the bankruptcy proceedings were brought on March 17, 1919, and that the clerk's minutes of what took place read as follows:

"Case called for trial of question of insolvency, adjourned without date.

"Appearances: Frederic W. Frost, Atty. for Pet. Cred. Herman J. Witte, Walter J. Carlin, for alleged bankrupt. Otto B. Schmidt, for Bessie C. Fischer, a creditor.

"Attorney for petitioning creditors asks leave to withdraw petition.

"Attorney for alleged bankrupt withdraws answer.

"Mr. Schmidt moves to dismiss petition.

"Alleged bankrupt directed to file his schedules within 20 days.

"Hearing adjourned without date in order that 10 days' notice may be given to creditors. Exception allowed to Mr. Schmidt to the court's refusal to hear the issues raised by his answer at the present time, or to entertain a motion to dismiss on jurisdictional grounds prior to the hearing on notice to the creditors."

The court stated that the petition could not be withdrawn without notice to creditors, and under the direction of the court the alleged bankrupt has filed a list, under oath, of all his creditors, with their addresses. This matter came on before me, and no creditor objected to the withdrawal of the petition. The course pursued by the bankrupt indicates an apparent willingness on his part to co-operate in the distribution among his creditors of the proceeds of the litigation, which may be absolutely without value, but a refusal to devote such property as has come to him recently, by reason of his wife's death, to the payment of his obligations.

It does not seem to me that it was ever the intention of those who enacted the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. § 9585 et seq.]) to permit a bankrupt, who has resisted an adjudication for nearly two years, to suddenly change his attitude, and to obtain an adjudication as of the date of filing the petition, upon application, upon securing a substantial property, which cannot be applied to the payment of his debts if his application is granted; such application not having been made until the petitioning creditors applied to withdraw their petition, which they were entitled to do unless some other creditor objected. It seems to me that, when the petition-

ing creditors withdrew their petition at the time the case was called for trial, the proceeding was thereby terminated, unless, under the ruling of the court that notice be given, some creditor thereafter objected.

The attitude of this alleged bankrupt has already been the subject of comment by the Circuit Court of Appeals for the Second Circuit:

"In conclusion it must be said that the petition to revise which the alleged bankrupt has brought indicates what his policy has been throughout. He has sought to delay and to obstruct the orderly and proper administration of the bankruptcy court. The examination of his wife should take place at the earliest practicable time and an end put to the obstructive tactics which have been employed to hinder and delay creditors contrary to the intent of the Bankruptcy Act." Matter of Camille Weidenfeld, 254 Fed. 677, at page 680, —— C. C. A. ——, at page ——, 42 Am. Bankr. R. 425, at page 429.

The motion for an order adjudging Camille Weidenfeld a bankrupt as of May 12, 1917, is denied.