## In re SWIFT.

(District Court, N. D. Georgia, E. D.   May 26, 1919.)

### No. 853.

1. BANKRUPTCY ☞51—ADJUDICATION—SETTING ASIDE.

A bankruptcy adjudication will not be set aside because the bankrupt filed his petition in anticipation of the early death of his mother, wno had made a will, leaving him a substantial amount of money.

2. BANKRUPTCY ☞148—PROPERTY TAKEN BY TRUSTEE—AFTER-ACQUIRED PROPERTY.

A bankrupt trustee takes only property belonging to bankrupt at time of the adjudication which relates back to date of filing the petition and after-acquired property does not pass to the trustee.

In Bankruptcy. In the matter of John K. Swift, bankrupt. A motion to set aside the adjudication was made, and the bankrupt moves to strike such motion. Motion to set aside the adjudication denied.

S. C. Upson and Horace M. Holden, both of Athens, Ga., for Bank of Elberton.

Samuel L. Olive, of Augusta, Ga., for bankrupt.

NEWMAN, District Judge.   [1, 2]  This is a motion to set aside an adjudication in bankruptcy, and a motion by the bankrupt to strike the motion to set aside the adjudication, which is in the nature of a demurrer to the petition. The petition sets out:

That the bankrupt filed his voluntary petition in bankruptcy on November 6, 1917, and was adjudicated a bankrupt on November 8, 1917; that the petition filed by the bankrupt, who was about 60 years old and unmarried, listed the petitioner as a creditor for $4,300, together with a few other creditors holding small claims, and assets, consisting only of a gold watch and chain, $20, and wearing apparel, $50.

That at the time of the filing of the petition the bankrupt's mother, who was a wealthy woman, her property being estimated at about $75,-000, was still living, but was 98 years of age, and was then at the point of death. That on account of extreme old age she had reached a degree of physical exhaustion and feebleness that made her death imminent.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

That the bankrupt knew that his mother had by a will, made and executed several years before she lost her mind, made him one of the legatees of her estate, and that under said will he would inherit a fortune of some $20,000. That in 1916, a brother of the bankrupt had been appointed guardian of his mother's estate on account of her imbecility from old age and other causes, and bankrupt knew at the time of the filing of his petition in bankruptcy that his mother, by reason of her mental and physical condition, was not then and would never be capable or competent of changing or modifying her said will, or otherwise disposing of said property, and that she could live only a few hours or a few days.

That the bankrupt filed said petition to be adjudicated a bankrupt from the inequitable and unconscionable motive of preventing the property in which he, in effect and for all practical purposes, owned subject to the life estate of his mother from being subject to his existing debts, and particularly to the debt to petitioner.

While not alleged in the petition, it appears that the mother of the bankrupt lived about ten days after the filing of his petition in bankruptcy.

I am assuming, of course, as I must for the purpose of disposing of this motion, that all the allegations of the petition are true, and on the question made if under those circumstances the adjudication which has been entered in this case in bankruptcy should be set aside.

The main ground of the motion is that it was fraud upon his creditors for him to use Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, in this way to escape from his debts, and particularly from the movant's debt, by having the petition in bankruptcy filed at the time his mother should die, and thereby come into possession of the property that he inherited at his mother's death subsequent to. the filing of the petition in bankruptcy.

Is the court justified in such case in setting aside an adjudication of the petitioner on his voluntary petition as a bankrupt?

The principal authority relied upon by counsel for movant is Zeitinger et al. v. Hargadine, etc., Co., 40 Am. Bankr. Rep. 324, 244 Fed. 719, 157 C. C. A. 167. I do not think the case cited at all applicable to the case at bar. The facts are so entirely different that, while the decision made by the Circuit Court of Appeals might be applicable to those facts, they would not necessarily control the case we are now considering. The language which seems to be relied upon by counsel is that expression in the opinion reversing the lower court which says that—

"The district judge in adjudicating upon a voluntary petition in bankruptcy is not a ministerial, but a judicial, officer, whose first duty is to see that those who minister in the temple of justice shall not invoke his authority for the accomplishment of fraud."

There is nothing whatever in this case except the fact that the man went into bankruptcy under the facts stated, with a knowledge that he would soon inherit some money from his mother, being at the time insolvent. Whether or not the court can say, under such circumstances, that an adjudication should not be allowed is a question which, so

far as I have information, has not been raised before in this court. That is what the petition here really amounts to, as I understand it.

In Hanover National Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113, Chief Justice Fuller, in an opinion for the court, speaking of an involuntary petition in bankruptcy, says:

"The schedules must be verified, and the petition must state that 'petitioner owes debts which he is unable to pay in full,' and 'that he is willing to surrender all his property for the benefit of his creditors, except such as is exempt by law.' This establishes those facts so far as a decree of bankruptcy is concerned, and he has committed an act of bankruptcy in filing the petition. These are not issuable facts, and notice is unnecessary, unless dismissal is sought, when notice is required."

The Chief Justice further says, quoting from Judge Lowell:

"He may be, in fact, fraudulent, and able and unwilling to pay his debts; but the law takes him at his word, and makes effectual provision, not only by civil, but even by criminal, process to effect his alleged intent of giving up all his property"—citing In re Fowler, 1 Lowell, 161, Fed. Cas. No. 4,998.

If the petitioner here has any remedy—and I am not sure that he has any remedy at all—it is otherwise than by moving to set aside the adjudication, and I do not see how, under the facts stated, the motion to that effect can be granted. It is well understood, of course, that the trustee in bankruptcy takes only the property of the bankrupt at the time of adjudication, which relates back to the time of the filing of the petition. After-acquired property does not go to the trustee, and is not distributed among his creditors.

I have thought about this matter carefully, and if I am in error I hope I will be corrected, which can easily be done. An order may be taken accordingly at the convenience of counsel.