## In re FIKE.
## CAMDEN v. KLEIN.
### No. 7477.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1941.

John A. Niemeyer, of Chicago, Ill., for appellant.

Geo. B. McKibbin, and Hamilton K. Beebe, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order of the District Court denying appellant the right to file his petition seeking the return of certain money paid to appellee.

In substance the allegations of the petition are that the bankrupt's petition in bankruptcy was not filed in good faith; that there was collusion between the bankrupt and his creditors; that two of the creditors listed in the schedules are bankrupt's former attorneys; and that the claims of all the creditors are fraudulent.

It further alleged that because of the expense which appellant would incur in defending himself, and because he feared that his credit and reputation would be ruined, he was forced to and did pay to appellee more than $4,000; that at the time he paid said sum he did not have proof in the nature of an admission by the bankrupt, that the bankruptcy petition had been filed for the purpose of having the court act as a collection agency to collect the excessive fees claimed by bankrupt's former attorneys, but that bankrupt has since admitted that he filed his said petition in bankruptcy to save his creditors.

The record discloses that on November 15, 1938, on his voluntary petition, Jacob B. Fike was adjudged a bankrupt, the cause was referred to a referee and appellee was elected trustee of the bankrupt's estate. In the schedules filed, appellant was listed as a secured creditor.

April 18, 1939, appellant's attorney addressed a letter to appellee's attorneys in which he detailed a course of dealings between the bankrupt, the appellant and certain other creditors and claimed fraud and collusion in the filing of the bankruptcy petition. May 22, 1939, appellee filed his petition, attaching thereto as an exhibit a copy of the letter containing the charges of fraud. By the petition the referee was

advised that the bankrupt and certain of his creditors had represented to appellee that certain transfers of stock belonging to the bankrupt had been made to appellant without consideration within four months preceding the filing of bankrupt's petition in bankruptcy and appellee prayed for instructions as to the advisability of commencing suit for the return of· the stocks.

After notice to appellant, appellee's petition of May 22 and the letter written by appellant's attorney dated April 18 were considered by the referee, appellant and his attorney participating therein, and the referee directed appellee to commence the necessary proceedings seeking to set aside the transfers and the suit was instituted. Thereafter appellant offered to compromise the controversy for $1,400. The offer was submitted to the referee and the bankrupt's creditors, but was declined. Thereupon appellant increased his offer to $4,000. This offer was accepted and on December 6, 1939, an agreement was executed by appellant and all of the bankrupt's creditors. By this agreement appellee was requested to ask permission of the referee to effect the compromise proposed. The appellee as trustee brought the matter to the attention of the referee and he on December 6, 1939, entered an order authorizing the settlement and $4,031.47 was paid and the suit theretofore commenced against appellant was dismissed.

The record also discloses that after the claims of the former attorneys were filed, appellee filed objections thereto, but the referee after due consideration overruled the objections and allowed the claims.

February 16, 1940, appellant appeared before the referee and moved for leave to file a petition to set aside the compromise and for an order directing appellee to refund the $4,013.47. The motion was denied.

From the certificate of review filed by the referee it appears that the referee found as a fact that appellee's attorneys had investigated the charges made in the letter of April 18, conducted extended examinations of the bankrupt and his attorneys and that "nothing was disclosed indicating anything irregular in the filing of the bankruptcy petition."

Since the record facts clearly disclose that appellant participated in the bankruptcy proceedings and that he voluntarily entered into the compromise with full knowledge of the facts, we think nothing more need be said.

Other points are stressed, but in our view the only question worthy of discussion is appellant's contention that the filing of the bankruptcy petition was fraudulent and conferred no jurisdiction upon the District Court.

Appellant alleged in the denied petition that the bankruptcy petition was fraudulent because two of the three unsecured creditors were the bankrupt's former attorneys who induced the bankrupt to file his voluntary petition in bankruptcy so they might obtain fees claimed to be due for legal services theretofore rendered bankrupt. In other words appellant raises the question: "What motivated the bankrupt in filing his petition in bankruptcy?" In a case, Bank of Elberton v. Swift, 5 Cir., 268 F. 305, after discussing the objects and purposes of the Bankruptcy Act, the court held the Act did not take into account the motives of a debtor in voluntary proceedings, and In re Automatic Typewriter & Service Co., C.C., 271 F. 1, 4, the court said:

"If it be proved by competent evidence that the bankrupt is insolvent, and committed acts of bankruptcy, and the other necessary jurisdictional facts are present, an adjudication in bankruptcy will follow therefrom, and what reasons or motives inspired or instigated the proceedings are of no importance, and will not defeat an adjudication."

Appellant, in support of his contention, cites Zeitinger v. Hargadine-McKittrick Dry Goods Co., 8 Cir., 244 F. 719. Upon the facts that case is clearly distinguishable. The purpose of the petition and adjudication in bankruptcy in the Zeitinger case, supra, was to bring about the appointment of a trustee in bankruptcy in the interest of persons held liable by the decree of a state court and thereby paralyze the judgment of the state court.

We conclude the District Court did not err in denying appellant's petition. The order will be affirmed.